**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Montgomery Chastain, | No. CV-13-0500-PHX-NVW (DKD) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

    Robert Montgomery Chastain filed a Petition for Writ of Habeas Corpus on March 11, 2013, challenging his conviction for theft by means of transportation, and the trial court's imposition of an 11.25 year prison term. He raises five grounds for relief. In Ground One, he contends that judicial interference resulted in the ineffective assistance of counsel. He claims that the trial court barred evidence at trial that was pertinent to his defense and had contact with a witness outside the courtroom. Chastain also contends that he received ineffective assistance of counsel; there was insufficient evidence to proceed to trial; both defense counsel and the state failed to request a voluntariness hearing regarding his alleged confession; and the trial court failed to instruct the jury on a lesser-included offense. Respondents contend that the petition is untimely and that Chastain is not entitled to equitable tolling. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

The facts supporting the conviction are summarized in the court of appeals memorandum decision:

> JG's Dodge Ram pickup truck was stolen. Roughly two months later, Detective Dave Goitia of the Glendale Police Department spotted the truck in front of a home in Glendale. After a check, Goitia discovered that the license plate was registered to a 2002 Dodge Ram but was not valid for highway use. Because this struck him as unusual, Goitia got out of his car to investigate. A man came out of the house and Goitia asked to speak to the owner of the truck. After the man returned to the house, Chastain came outside.
>
> In response to a question, Chastain told Goitia the truck was his. Goitia then asked if Chastain had driven the truck to its current location. After first saying the truck had been delivered to him, Chastain admitted he had driven it. Goitia noticed Chastain was holding what appeared to be a registration document. Using the registration number, a dispatcher informed Goitia that the truck had been stolen. Chastain offered a key for the truck; Goitia was able to manipulate the door locks with the key, but only by using force and jiggling the key.
>
> Goitia testified that the truck had "lots of indicators" of being a stolen vehicle, including a hole adjacent to the driver's side door handle apparently caused by a pry tool, an exterior in bad condition, a license plate attached by only one bolt, a missing dome light, a missing passenger-side door panel, weather stripping partially removed from one window and a damaged ignition that would start without a key.
>
> Chastain's jacket and backpack were in the truck; there were documents with Chastain's name in the backpack. As Goitia began to process the truck, Chastain repeatedly said he could not believe Goitia was towing his truck. Chastain was charged with theft of means of transportation in violation of Arizona Revised Statutes ("A.R.S.") section 13-1814 (Supp. 2007). At trial, Goitia testified to the facts described above. J.G., the owner of the truck, testified that he did not know Chastain and had never given him permission to use the truck.

(Doc. 9, Exh D, memorandum decision at 2-4).

On direct review, counsel filed an *Anders* brief. Chastain subsequently filed a supplemental, pro se opening brief raising the following issues: (1) counsel rendered ineffective assistance; (2) there was insufficient evidence to support the verdict; (3) the trial court improperly failed to hold a voluntariness hearing; and (4) the trial court erred by failing to instruct the jury on a lesser-included offense (*Id.*, Exh E, F). On September 30, 2008, the Arizona Court of Appeals affirmed the conviction and sentence. The court of appeals ruled

1  that (1) under Arizona law, a claim of ineffective assistance of counsel could only be raised
2  in a post-conviction proceeding; (2) sufficient evidence supported the verdict; (3) the trial
3  court did not err in failing to hold a voluntariness hearing because neither Chastain, nor the
4  evidence, raised a question regarding the voluntariness of his statements; and (4) the trial
5  court did not commit fundamental error in failing to issue a lesser-included offense
6  instruction (*Id.*, Exh D).  On February 5, 2009, the Arizona Supreme Court denied review
7  (*Id.*).

8        While Chastain's appeal was pending, he filed a notice of post-conviction relief (*Id.*,
9  Exh G).  The trial court dismissed the notice without prejudice, and granted Chastain leave
10 to re-file it 30 days after the issuance of the mandate on direct review (*Id.*, Exh H).  He re-
11 filed his notice on March 13, 2009 (*Id.*, Exh I).  He filed a subsequent petition for post-
12 conviction relief and raised three claims.  He argued that trial counsel rendered ineffective
13 assistance by failing to request a voluntariness hearing, present testimony reflecting that he
14 had been incarcerated on the date the vehicle was reported stolen, object to the trial court's
15 order precluding evidence that he was incarcerated when the vehicle theft was reported, call
16 Chastain as a trial witness, interview witnesses and investigate additional fingerprints found
17 in the car, file pretrial motions, and offer additional testimony and evidence in his defense.
18 He also argued that the state presented insufficient evidence to support the verdict; the trial
19 court erred when it precluded evidence that Chastain was incarcerated at the time the vehicle
20 was reported stolen; the prosecutor committed misconduct; and the trial court failed to issue
21 a lesser-included offense instruction (*Id.*, Exh J).  On March 23, 2011, the trial court
22 dismissed the petition, ruling that Chastain had failed to present a colorable claim for relief.
23 Chastain did not petition for review in the court of appeals (*Id.*, Exh K, L).

## DISCUSSION

25       A state prisoner seeking federal habeas relief from a state court conviction is required
26 to file the petition within one year of "the date on which the judgment became final by the
27 conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

- 3 -

1  § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a
2  "properly filed application for State post-conviction or other collateral review with respect
3  to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).
4          Chastain's conviction became final on May 5, 2009, when the period for filing a
5  petition for writ of certiorari in the United States Supreme Court expired.  *See Bowen v. Roe*,
6  188 F.3d 1157, 1159 (9th Cir. 1999).  That period was tolled during the time when his post-
7  conviction proceeding was pending in state court.  The state court dismissed his post-
8  conviction petition on March 23, 2011.  Because he did not seek review in the Arizona
9  Supreme Court, the period of limitations began to run on March 24, 2011, and he was
10 required to file his federal petition on or before March 24, 2012.
11         Chastain acknowledges that his petition was filed more than one year after the
12 conclusion of his state post-conviction proceeding.  He argues that in his case the one-year
13 limitations period did not commence until the issuance of the Supreme Court's decision in
14 *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), because it announced a newly-
15 recognized constitutional right (Doc. 10).  *See* 28 U.S.C. § 2244(d)(1)(C).  The Court
16 disagrees.  *Frye* did not recognize a new constitutional right, it "merely applied the Sixth
17 Amendment right to effective assistance of counsel according to the test articulated in
18 *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984),
19 and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct.
20 366, 88 L.Ed.2d 203 (1985)."  *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir.
21 2012) . "Because the Court in *Frye*… repeatedly noted its application of an *established rule*
22 to the underlying facts, [it] did not break new ground or impose a new obligation on the State
23 or Federal Government."  *Buenrostro*, 697 F.3d at 1139 (emphasis added).  Therefore, *Frye*
24 does not qualify as a "constitutional right ... newly recognized by the Supreme Court and
25 made retroactively applicable to cases on collateral review" under § 2244(d)(1)(C).
26         Chastain is also not entitled to equitable tolling.  He has not demonstrated that he was
27 pursuing his rights diligently nor the existence of any extraordinary circumstances which
28

prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005).

**IT IS THEREFORE RECOMMENDED** that Robert Montgomery Chastain's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of January, 2014.

_____
David K. Duncan
United States Magistrate Judge